**Leonardo Magdaleno COMPARAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–70253.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2005.*

Decided Sept. 22, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Amie Miller, Law Office of Amie D. Miller, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Margaret J. Perry, Jennifer Lightbody, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, JOHN R. GIBSON,** and BERZON, Circuit Judges.

## MEMORANDUM ***

Petitioner seeks review of a decision denying him asylum in the United States. For the reasons set forth below, we grant the petition in part and remand for further proceedings.

The petitioner in this case, Dr. Leonardo Magdaleno Comparan ("Comparan"), is an openly gay Mexican national who seeks asylum in the United States. His application for asylum rests on the claim that he has a well-founded fear of persecution on account of his membership in a particular social group, namely his identity as a homosexual. *See* 8 C.F.R. § 208.13(b)(2). At his removal proceedings, Comparan testified to the hostile treatment he endured as a suspected homosexual in Mexico. The immigration judge ("IJ"), however, rejected Comparan's argument that homosexuals constitute a "social group" for purposes of establishing eligibility for asylum. He further concluded that Comparan was not a member of any sub-group of homosexuals that faces a particular risk of persecution. Accordingly, the IJ denied Comparan's application for asylum, withholding of removal, and relief under the Convention Against Torture. Because of this ruling on Comparan's eligibility for asylum, the IJ explicitly declined to reach other challenges to Comparan's asylum application, including the argument raised by government that Comparan failed to bring his asylum application in a timely fashion.

The Board of Immigration Appeals ("BIA") summarily affirmed the IJ's decision, and Comparan petitioned this court for review. We review the legal question of whether Comparan was persecuted on account of his membership in a "particular social group" *de novo. See Hernandez–Montiel v. INS,* 225 F.3d 1084, 1091 (9th Cir.2000). When the BIA summarily affirms the IJ's decision pursuant to streamlined procedures, we review the IJ's opinion as the final agency action. *See Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 851 (9th Cir.2004).

In this case, the IJ found that "although certain subgroups of gay men in Mexico may qualify as particular social groups [for purposes of establishing a well-founded fear of future persecution]," Comparan, "as a low-profile, non-transvestite gay man, does not appear to be a member of any subgroup that is particularly at risk." The IJ's holding is directly contrary to this

---

** The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

court's recent decision in *Karouni v. Gonzales,* 399 F.3d 1163 (9th Cir.2005) which established that *"all* alien homosexuals are members of a 'particular social group.'" *Id.* at 1172; *see also Boer–Sedano v. Gonzales,* 418 F.3d 1082, 1088 (9th Cir.2005) ("[T]he BIA erred in affirming the IJ's conclusion that homosexual men in Mexico could not form the basis of a social group claim."). Accordingly, insofar as the disposition below rested on the IJ's more stringent construction of the legal requirements for eligibility for asylum, it was erroneous.

The concision of the IJ's holding below, however, makes it inappropriate for us to delve further into the record to examine whether Comparan established a well-founded fear of persecution or whether there is merit to the government's contention that Comparan untimely filed his application for asylum. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."). Because neither the IJ's decision nor the BIA's summary affirmance addressed those issues, we remand for further proceedings to consider them.

Petition GRANTED IN PART and REMANDED. It is so ordered.